# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

LUZ ELENA CUADROS,

        Plaintiff,

vs.

STATE FARM FIRE AND CASUALTY COMPANY,

        Defendant.

Case No. 2:16–cv–2025–JCM–VCF

**ORDER**

Before the court are State Farm's motion to stay discovery (ECF No. 15), Cuadros's response (ECF No. 35), and State Farm's reply (ECF No. 39). For the reasons stated below, State Farm's motion is denied.

**I. Background**

In 2014, Cuadros sued State Farm for allegedly failing to fully pay her insurance claim. *Cuadros v. State Farm Fire and Cas. Co.*, No. 2:14-cv-1247-JCM(PAL), 2014 WL 7338945 at *1 (D.Nev. Dec. 23, 2014). The parties disputed the value of Cuadros's totaled vehicle. *Id.* Pursuant to the car insurance policy, in the event of a dispute over value, the parties were required to obtain an independent appraisal. *Id.* The insurance policy also stated that no legal action could be brought until all policy provisions had been fulfilled. *Id.* Instead of obtaining an appraisal, Cuadros filed a lawsuit. *Id.* That action was subsequently dismissed for failure to obtain an appraisal pursuant to the insurance policy. *Id.* at 4.

Since the dismissal of her previous action, Cuadros obtained an appraisal. (ECF No. 15) This appraisal revealed State Farm's initial payment offer had overvalued Cuadros's vehicle by approximately $1,800. (*Id.*) Cuadros filed this action, on behalf of herself and other similarly situated individuals, claiming that State Farm's vehicle valuation policy systematically underpaid State Farm's

insureds.  (ECF No. 1)  State Farm has moved to dismiss on two grounds: (1) Cuadros's claims are within the exclusive jurisdiction of the Nevada Department of Insurance and (2) Cuadros failed to state a claim for relief.  (ECF No. 10)

## II. Legal Standard

"[M]otions to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D.Nev. 2013).  "[A] party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied." *Id.*

For purposes of ruling on a motion to stay discovery, the "'preliminary peek' at the merits of the underlying motion is not intended to prejudge the outcome." *Tradebay, LLC v. eBay. Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).  The court's role "is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objective of Rule 1." *Id.*

"The purpose [of a stay of discovery] is to protect a party from the expense of engaging in discovery where fundamental issues, like jurisdiction, venue, or immunity, exist." *Sou v. Bash*, No. 2:15-cv-698-APG-VCF, 2015 WL 7069297 at *2 (D.Nev. Nov. 10, 2015).

"[A] protective order staying discovery when a motion to dismiss for failure to state a claim on which relief may be granted is pending if the district court 'is convinced that the plaintiff will be unable to state a claim for relief.'" *Ministerio Roca Solida v. U.S. Dept. of Fish and Wildlife*, 288 F.R.D. 500, 503 (D.Nev. 2013).

/// /// ///

/// /// ///

## II. Discussion

As an initial matter the parties do not appear to dispute that State Farm's motion to dismiss is potentially case dispositive and that no additional discovery is required to decide the motion. This court now takes its preliminary peak at State Farm's motion to dismiss.

Ordinarily, State Farm's non-frivolous jurisdictional argument would convince this court to stay discovery. *Sou*, 2015 WL 7069297 at *2. However State Farm's argument is unusual. Rather than arguing that the court lacks subject-matter or personal jurisdiction, the company contends that Cuadros's claims fall within the exclusive jurisdiction of a state regulatory agency. (ECF No. 10)

State Farm supports its argument with citations to two District of Nevada cases, *DeCastro v. Progressive Northern Ins. Co.*, No. 2:14-cv-983-APG-VCF, 2015 WL 1809164 (D.Nev. Apr. 13, 2015), and *Herrera v. Allstate Fire and Cas. Ins. Co.*, No. 2:13-cv-908-MMD-PAL, 2015 WL 1951753 (D.Nev. Apr. 28, 2015). Both cases reaffirmed the Nevada Department of Insurance's exclusive jurisdiction over alleged violations of the Nevada insurance code and dismissed both complaints. Both decisions were based on a finding that the court was required the court to determine whether the insurer had violated NAC § 686A.680, the "Total Loss Regulation," in order to determine whether the plaintiff was entitled to relief. *DeCastro*, 2015 WL 1809164 at *2; *Herrera*, 2015 WL 1951753 at *3.

Cuadros contends that her tort and contract actions are not predicated on an interpretation of the insurance code. *Allstate Ins. Co. v. Thorpe*, 170 P.3d 989, 996 (Nev. 2007)("[O]ur ruling today does not foreclose actions for tortious and contractual bad faith against first-party insurers.") Based on these authorities and the parties' papers, it is unclear whether State Farm will prevail on its motion to dismiss.

On one hand, Cuadros relies on a statute, NRS 686A.310(2), that falls under the Nevada Insurance Code. *Id.* at 994 ("[T]he Nevada Insurance Commissioner has express authority to enforce the provisions of [the Nevada Insurance] Code, NRS Title 57"). On the other, it is unclear whether State

Farm's two cases, which interpret the "Total Loss Regulation," would control in this instance. Given this uncertainty, this court is not convinced thst State Farm will prevail on its motion to dismiss. A stay of discovery is unwarranted.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that State Farm's motion to stay (ECF No. 15) is DENIED.

IT IS SO ORDERED.

DATED this 20th day of October, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE