Riley A. Clayton (Nevada Bar No. 005260)
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, NV 89128
(702) 316-4111
Fax: (702) 316-4114
rclayton@lawhjc.com

Todd A. Noteboom (*pro hac vice*)
Jeffrey G. Mason (*pro hac vice*)
STINSON LEONARD STREET LLP
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
(612) 335-1500
Fax:  (612) 335-1657
todd.noteboom@stinson.com
jeffrey.mason@stinson.com

*Attorneys for Defendant State Farm Fire and Casualty Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LUZ ELENA CUADROS, on behalf of herself and all others similarly situated,<br>　　　　Plaintiff,<br>vs.<br>STATE FARM FIRE AND CASUALTY COMPANY,<br>　　　　Defendant, | Case No. 2:16-CV-02025 JCM (VCF)<br><br>**STIPULATED PROTECTIVE ORDER** |

　　　　Plaintiff Luz Elena Cuadros ("Plaintiff") and Defendant State Farm Fire and Casualty Company ("State Farm") (together, the "Parties") hereby jointly submit this Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26 and the Amended Stipulated Discovery Plan and Scheduling Order [Dkt. No. 47] § III(E) ("The parties shall enter into a stipulated protective order applicable to private, confidential, proprietary or competition-specific information.").

/ / /

1

WHEREAS, the Parties agree to maintain the confidentiality of information, documents, and materials designated as "CONFIDENTIAL materials" pursuant hereto, which may contain private third-party information, including medical records, dates of birth and social security numbers, and/or constitute trade secrets or other confidential proprietary research, development, financial, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G);

WHEREAS, the Parties wish to facilitate discovery, ensure appropriate protection for any such confidential information, and ensure that production of any such documents and things shall be used only for the purposes of this case and shall not be disclosed or used in any other way; and

WHEREAS, the Parties have agreed to jointly move this Court, pursuant to Fed. R. Civ. P. 26(c)(1), for entry of this Protective Order, and the Court having found that, in light of the medical records and confidential or trade secret nature of the competitively sensitive information that may be sought and produced in discovery, good cause exists for the entry of the following Protective Order.

The Court finds that the Protective Order is narrowly tailored to reflect the specific confidential information requested in discovery and that good cause has been shown for entry of a confidentiality protective order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, as follows:

IT IS HEREBY ORDERED THAT:

1. Confidential documents, information, testimony, and/or other materials designated as CONFIDENTIAL pursuant to this Order, shall be maintained in confidence by the Parties in accordance with the terms of this Order, shall be used solely for purposes of this action, and shall not be disclosed to anyone except as provided herein.

2. All CONFIDENTIAL designations shall be made in good faith and made at the time of disclosure, production, or tender or at such other time as permitted by this Order, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and the

producing Party may so designate materials as CONFIDENTIAL after such inadvertent failure, subject to the protections of this Order. Within 30 days of production, a non-producing Party may designate as CONFIDENTIAL any materials produced without a CONFIDENTIAL designation.

3. Portions of testimony may also be designated as CONFIDENTIAL either at the time any such testimony is taken or in writing within thirty (30) days after the transcript of the testimony has been received. The court reporter for any such testimony shall be informed of this Order by the party and the court reporter shall comply with and be bound by this Order. In the event a party designates portions or all of that testimony as CONFIDENTIAL, the court reporter shall so designate on the face of the transcript that all or portions of the transcript have been designated as CONFIDENTIAL pursuant to the terms of this Order. Such CONFIDENTIAL transcripts of deposition testimony shall be treated the same and afforded the same protections as other CONFIDENTIAL materials under this Order.

4. A non-designating Party may at any time notify a designating Party in writing or upon the record of the deposition of its objection that a portion or all of the material/information designated as CONFIDENTIAL is not entitled to such protection under the terms of this Stipulation and Order. When challenging a designation, the non-designating Party shall provide the designating Party with written notice of each challenged designation and describe the basis for each challenge. The Parties shall first attempt, in good faith, to resolve such dispute by meeting and conferring within 14 days of the date of service of the challenge. If such efforts fail to resolve the Parties' dispute, then the non-designating Party may file and serve a motion to challenge the subject confidentiality designation. The burden of persuasion in any challenge proceeding shall be on the designating Party, and the Court will view any designation as the equivalent of a request for a protective order pursuant to Fed. R. Civ. P. 26(c). Material/information designated as CONFIDENTIAL shall retain such status until such time as the Parties expressly agree otherwise

///

in writing, the designating Party withdraws its designation in writing, or the Court orders otherwise.

5. CONFIDENTIAL documents, information, testimony, and/or other materials (hereinafter collectively "materials") may be made available to the Court but only upon a motion to file under seal (see paragraph 11 of this Order).

6. The persons who may view the materials designated CONFIDENTIAL include only the Parties, their attorneys in this action, their respective clerical, secretarial and support staff, and outside consultants or experts retained by plaintiff in the prosecution of this action (subject to paragraph 7 of this Order), copying services and court reporters as reasonably necessary, or a deponent or witness under oath.

7. No outside consultant or expert of the Parties shall have access to materials designated CONFIDENTIAL unless he or she shall have read a copy of this Order, shall have executed an affidavit in the form appended hereto as Exhibit A-1 stating that he or she has read this Order, has agreed to be bound thereto, and has agreed to be subject to the jurisdiction of this Court for purpose of the enforcement of this Order. Counsel for a Party making disclosure of CONFIDENTIAL materials shall maintain a file of the affidavits signed by such persons for the purpose of ensuring compliance with this Order.

8. Persons who have been granted access by the Parties, their counsel, consultant, or expert to the CONFIDENTIAL materials shall not make use of such material for any purpose other than the prosecution of this action or disclose the contents of such material to any other person or entity, except as permitted by this Order.

9. In the event a Party should conclude that for purposes of this action, it needs to disclose CONFIDENTIAL materials to an individual or entity not enumerated in paragraph six (6) of this Order, that Party may request permission from the designating Party to do so and/or put all Parties on notice of such disclosure for specified documents or information. To be effective, such

consent must be granted in writing and must be specific as to the CONFIDENTIAL materials. Permission granted under this section obviates a necessity of requesting permission of the Court to disclose the CONFIDENTIAL materials.

10. In the event any person subject to this Order, including but not limited to the Parties, their counsel, consultant or expert, receives a subpoena issued in another lawsuit for materials designated CONFIDENTIAL pursuant to this Order, that person shall give prompt notice within five (5) days to counsel for the designating Party sufficient to allow the filing of a motion to quash or the taking of other lawful action to prevent disclosure.

11. In the event any CONFIDENTIAL materials subject to the confidentiality restrictions of this Order are used in pretrial depositions, briefs, or other documents filed with the Court, or are referred to in any hearing before the Court, the Parties shall move the Court that such use or reference shall be made under seal and bear the legend,

> THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER; THE CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT

and/or be reviewed by the Court *in camera* with the public excluded.

12. Subject to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, a Party may seek to offer into evidence in this action any materials designated CONFIDENTIAL by any other party only after giving sufficient advanced written notice to the designating party to allow such designating party to file an appropriate motion to protect its interests and the privacy of non-parties. However, the Parties shall comply with local rules regarding motions or other documents filed with the Court, if any, which reveal any portion of the contents of the documents or notes arising therefrom.

13. Plaintiff and her attorney shall return or destroy all CONFIDENTIAL materials designated by State Farm or its counsel within 45 days after the final adjudication or settlement or

all claims in this case. All copies of documents (including electronic copies) and all information and notes derived from or relating to CONFIDENTIAL materials subject to this Order shall also be destroyed, with the exception of attorney work product notes, which must be excised from the CONFIDENTIAL materials themselves. Further, Plaintiff and her attorneys shall instruct those persons to which they granted access to CONFIDENTIAL materials to return or destroy said CONFIDENTIAL materials (including electronic copies) at the conclusion of this litigation. CONFIDENTIAL materials retained by Plaintiff's counsel shall be destroyed in accordance with such counsel's regular business practices for destruction of client files unless a hold-order, known to counsel retaining such confidential materials, from another court reasonably requires a longer retention period.

14. Nothing in this Order shall be construed to limit State Farm in its use of CONFIDENTIAL materials or from disclosing the same. Nothing in this Order shall be construed as affecting State Farm's regular business practices for destruction of documents or State Farm's retention obligations under applicable insurance regulations, any evidentiary hold orders in connection with other litigation, and statutory requirements such as applicable statutes of limitations. Nothing in this Order shall be construed against State Farm in a way that prohibits, restricts, or requires State Farm to obtain an authorization for the retention, use, or disclosure of nonpublic confidential materials and records as authorized or as reasonably required by federal or state law or regulation, or court order, rule, including, but not limited to, in a market conduct review, to Medicare authorities if reporting is applicable, to a third-party for analysis of records in anti-fraud efforts (using non-fraudulent data to benchmark), in reporting for rate-making or otherwise, and in paperless electronic claim systems for permissible insurance functions.

15. Nothing in this Order shall affect the right of any party to seek additional protections against the disclosure of any other documents or materials or protections for additional categories of documents not subject to this Order.

16. Any party may apply for relief from or to modify the terms of this Order should it appear, in their good faith judgment, that materials have been improperly labeled as CONFIDENTIAL.

17. This Order shall be binding upon any future party to this litigation.

18. After the conclusion of the litigation, the provisions of this Order shall continue to be binding, and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for enforcement of its provisions.

**IT IS SO ORDERED.**

_____

UNITED STATES MAGISTRATE JUDGE

Dated: 3-28-2017

CORE/2063187.0036/132001886.2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

LUZ ELENA CUADROS, on behalf of herself ) Case No. 2:16-CV-02025 JCM (VCF)
and all others similarly situated, )
        Plaintiff, )
vs. )
STATE FARM FIRE AND CASUALTY )
COMPANY, )
        Defendant, )

**PROTECTIVE ORDER AFFIDAVIT**

I, _____, hereby certify that on _____, _____, I read the Confidentiality Agreement entered into by plaintiff, by and though her counsel, and the Protective Order entered by the Court in the above-captioned action. I further certify that I understand and agree to abide by the contents of the above aforementioned documents, so long as they remain in effect, by not disclosing designated CONFIDENTIAL materials to anyone except as required by lawful judicial process and except as permitted in accordance with the terms of the Protective Order.

_____
[Name]

Subscribed and Sworn to before me this\_\_\_\_\_ day of _____,_____.

EXHIBIT A-1

CORE/2063187.0036/132001886.2

Dated this 24th day of March, 2017.

___/s/ Michael Gayan_____
J. Randall Jones (Nev. Bar No. 1927)
Michael J. Gayan (Nev. Bar No. 11135)
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: (702) 385-6000
Fax: (702) 385-6001
r.jones@kempjones.com

Imanuel B. Arin, Esq.
ARIN & ASSOCIATES
10801 W. Charleston Blvd., Suite 170
Las Vegas, NV 89135
Telephone: (702) 838-8600
Facsimile:  (702) 838-8601

Charles J. LaDuca (*admitted pro hac vice*)
Michael Flannery (*pro hac forthcoming*)
CUNEO GILBERT & LADUCA, LLP
8120 Woodmont Avenue, Suite 810
Bethesda, Maryland 20814
Telephone: (202) 789-3960
Fax: (202) 789-1813
charles@cuneolaw.com
mflannery@cuneolaw.com

Melissa W. Wolchansky (*admitted pro hac vice*)
HALUNEN LAW
80 South Eighth Street, Suite 1650
Minneapolis, Minnesota 55402
Telephone: (612) 605-4098
Fax: (612) 605-4099
wolchansky@halunenlaw.com

Robert K. Shelquist (*admitted pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401
(612) 339-6900
rkshelquist@locklaw.com
Telephone: (612) 339-6900

***Attorneys for Plaintiff Luz Elena Cuadros***

Respectfully Submitted,

___/s/ Riley A. Clayton_____
Riley A. Clayton (Nevada Bar No. 005260)
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, NV 89128
(702) 316-4111
Fax: (702) 316-4114
rclayton@lawhjc.com

Todd A. Noteboom (*pro hac vice*)
Jeffrey G. Mason (*pro hac vice*)
STINSON LEONARD STREET LLP
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
(612) 335-1500
Fax:  (612) 335-1657
todd.noteboom@stinson.com
jeffrey.mason@stinson.com

***Attorneys for Defendant State Farm Fire and Casualty Company***

9